IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ESHED ALSTON, :
: 
        Plaintiff, :
:
v. : Civil Action No. 18-302-LPS
:
UNITED STATES DEPARTMENT OF :
JUSTICE, Civil Rights Division and :
Administrative Management Section, :
:
        Defendant. :

## MEMORANDUM

1. **Introduction.** Plaintiff EShed Alston ("Plaintiff"), who proceeds *pro se* and has paid the filing fee, commenced this action on February 22, 2018, alleging violations of his constitutional rights.

2. **Background.** On March 12, 2018, Plaintiff filed a motion for recusal of the undersigned Judge on the grounds that the Court demonstrated bias and violated a 2010 order by repeatedly "with intent deliberately miss-spelling" Plaintiff's legal name, that was changed for religious reasons. Plaintiff alleges this violates 18 U.S.C. §§ 241, 242, and 101, as well as 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988. He also complains of rulings made in *Alston v. Verizon Delaware LLC*, Civ. No. 17-652-LPS (D. Del.).[1] Plaintiff states that the undersigned Judge is "the object of a U.S. Department of Justice civil complaint filed as an example of the racial misconduct complained of." (D.I. 6 at 2) He appears to accuse the undersigned Judge of bribery. Plaintiff states that, because of this, it would be materially and procedurally inappropriate for the undersigned Judge to be a trier of fact in this case.

---

[1] On March 12, 2018, the case was remanded to the Superior Court of the State of Delaware in and for Kent County. *See* Civ. No. 17-652-LPS at D.I. 42, 43. The case is currently on appeal. *See id.* at D.I. 47.

1

3.  **Discussion.** A judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned," *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004), not (only) "whether a judge actually harbors bias against a party," *United States v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012). Under § 455(b)(1), a judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

4.  Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *see also Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (stating beliefs or opinions which merit recusal must involve extrajudicial factor). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Similarly, claims of bias or partiality cannot be based on "expressions of impatience, dissatisfaction, annoyance, [or] even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration -- even a stern and short-tempered judge's ordinary efforts at courtroom administration -- remain immune." *Id.* at 555-56.

5.  It is evident in reading Plaintiff's motion that he takes exception to this Court's rulings and this serves as one of his reasons for seeking recusal. He makes conclusory allegations, and provides no rational basis for his claims of alleged bias. A reasonable, well-informed observer could not believe that the rulings were based on partiality, bias, or actual prejudice by the undersigned Judge. Nor do the rulings demonstrate the Court acting in such manner when ruling in the cases wherein Plaintiff is a party. After careful and deliberate consideration, the undersigned Judge has concluded that the Court has no actual bias or prejudice towards Plaintiff and that a

2

reasonable, well-informed observer would not question the Court's impartiality. In light of the foregoing standard and after considering Plaintiff's assertions, the undersigned Judge concludes that there are no grounds for recusal under 28 U.S.C. § 455.

6. **Conclusion.** For the above reasons, the Court will deny Plaintiff's motion. (D.I. 6) An appropriate order will be entered.

June 11, 2018
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE